IT IS FURTHER STIPULATED AND AGREED that the foreign market value on date of exportation was no higher for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that this case may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was $25 per 100 kilos, net packed.

Judgment will be entered accordingly.

(Reap. Dec. 8445)

R. W. SMITH v. UNITED STATES

Entry No. 2411–H.

(Decided June 3, 1955)

*Sharretts, Paley & Carter* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted on an agreed set of facts, establishing export value, as defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for appraisement of the steel line pipe covered by the shipment in question and showing that such statutory value for the said merchandise is $170 per metric ton net packed.

Judgment will be rendered accordingly.

(Reap. Dec. 8446)

SPECIALTY ASSOCIATES, INC. v. UNITED STATES

Entry Nos. 963375; 964908; 778984.

(Decided June 8, 1955)

Plaintiff not represented by counsel.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: There was no appearance on behalf of the appealing party when the above-enumerated appeals for a reappraisement were called for hearing.

Rule 5 of the rules of this court provides that—

\* \* \* Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it shall be deemed submitted and shall be decided by the court on the record as it appears therein.

In conformity with the requirements of the rule, I have examined the record in the appeals before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.